**DUNNINGTON v. UNITED STATES.**

No. 42507.

Court of Claims.

Dec. 4, 1939.

Francis R. Lash, of Washington, D. C., for plaintiff.

John A. Rees, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

LITTLETON, Judge.

In this case it appears that the Commissioner determined a deficiency in respect of the tax of plaintiff for 1922 and on February 2, 1927, mailed to plaintiff a deficiency notice. Within sixty days thereafter plaintiff filed a petition with the Board of Tax Appeals and on November 5, 1927, filed with the Board a motion to dismiss its appeal on the ground that it did not desire further to prosecute the same, and, in that motion, plaintiff set forth that it consented to assessment of the deficiency set forth in the Commis-

sioner's deficiency notice of February 2, 1927. A duplicate copy was mailed to the General Counsel who was representing the Commissioner before the Board. Accordingly the Board entered a judgment on November 30, 1927, and on January 7, 1928, the Commissioner assessed the deficiency, together with interest to date of assessment. Thereafter, on February 20, 1928, the collector mailed to plaintiff a notice and demand for payment of the assessment less a certain overassessment for another year, and on March 1, 1928, plaintiff paid a portion of the amount assessed and the balance was paid on certain dates between June 3, 1928, and March 6, 1929.

On these facts it is clear that plaintiff is not entitled to recover. The plaintiff specifically consented on November 5, 1927, to assessment of the deficiency determined by the Commissioner. This consent justified the Commissioner in assessing and collecting the tax. The taxpayer's consent to assessment of the deficiency as determined by the Commissioner carried with it the right to collect. He specifically agreed to the deficiency and there was thereafter no basis for any objection by him to its assessment and collection. No objection was made to the assessment or collection until March 1931. See Lehigh Portland Cement Company v. United States, Ct.Cl., 30 F.Supp. 217, decided this date.

Plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.

